IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 8:13CR381 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | FINDINGS AND RECOMMENDATION |
| SANTIAGO VELASQUEZ-LOPEZ, ) | |
| ) | |
| Defendant. ) | |

This case is before the court on the defendant Santiago Velasquez-Lopez's Motion to Dismiss Indictment or in the Alternative for a Bill of Particulars (#20)[1]. In his motion for dismissal, the defendant seems to argue that he cannot be convicted of the charge based upon the government's evidence and that he is being charged ex post facto.

## Motion to Dismiss

The defendant was indicted (#1) on October 23, 2013, by a grand jury duly convened in the District of Nebraska. The defendant argues that since he self-deported in 1998 or 2001 and voluntarily left the United States, he cannot be charged with a violation of 18 U.S.C. § 1323(a). As noted in the government's brief, defendant cites no case authority supporting his position and the court has been unable to locate any such authority.

The defendant also argues that as applied to him, the illegal re-entry charge is unconstitutional, noting that pursuant to the United States Constitution, "no bill of attainder or ex post facto law shall be passed." (See U.S. Const. art. I, § 9, cl. 3.). This argument fails because the charge is not being applied ex post facto to the defendant as the

---

[1] The defendant is charged with illegal re-entry, in violation of 18 U.S.C. § 1326(a).

allegations in the indictment clearly set out the date of offense of October 8, 2013. Although the defendant's argument focuses on the date of his deportation, it is the date of the offense which would be used in the analysis. Accordingly, it will be recommended that the Motion to Dismiss be denied.

### Motion for Bill of Particulars

The defendant also moves, in the alternative, for a bill of particulars. "If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009) (citing Fed. R. Crim. P. 7(f)).

The government has represented in this case that it has provided the defendant with Rule 16 materials, including defendant's statement and 43 pages of investigative reports.[2] This court has broad discretion in determining whether to grant or deny a bill of particulars. United States v. Stephenson, 924 F.2d 753, 762 (8th Cir. 1991). Information regarding the illegal re-entry charge in the indictment has been supplied to the defendant and the charge is clear. The court finds the government has provided extensive discovery material.

Accordingly, it will be recommended that the motion for bill of particulars be denied.

---

[2] Government's brief (#26), page 5, paragraph 2.

**IT IS THE RECOMMENDATION** to the Honorable Chief Judge Laurie Smith Camp, that Defendant Santiago Velasquez-Lopez's Motion to Dismiss Indictment or in the Alternative for a Bill of Particulars (#20) should be denied.

Dated this 27th day of November 2013.

BY THE COURT:

s/ F.A. Gossett, III
United States Magistrate Judge