IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  vs.<br><br>SANTIAGO VELASQUEZ-LOPEZ,<br><br>                Defendant. | 8:13CR381<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Findings and Recommendation (Filing No. 27) issued by Magistrate Judge F.A. Gossett, recommending that the Motion to Dismiss Criminal Case (Filing No. 20) filed by Defendant, Santiago Velasquez-Lopez ("Defendant"), be denied. Defendant filed an Objection to the Findings and Recommendation (Filing No. 28) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a), and a supporting brief (Filing No. 29). For the reasons set forth below, the Findings and Recommendation will be adopted and the Motion to Dismiss will be denied.

## BACKGROUND

Defendant was charged in a single-count indictment with illegal reentry in the United States in violation of 8 U.S.C. § 1326(a). The Defendant's Index of Evidence (Filing No. 22) demonstrates that on November 28, 1990, an Immigration Judge ordered the Defendant to be deported from the United States. Defendant's Index of Evidence also shows that Defendant was accused of departing the United States voluntarily, pursuant to an order of deportation, exclusion, or removal, on January 31, 2001, and illegally reentering the United States in February 2001. (Filing No. 22 at ECF 4.) The

Indictment alleges that on or about October 8, 2013, Defendant was again found in the United States.

Defendant moved to dismiss Count I of the Indictment. (Filing No. 20.) Defendant argues that if he left the United States before September 30, 1996, he cannot be charged with a violation of 18 U.S.C. § 1323(a). Defendant argues that because the Indictment fails to identify the date of deportation, it must be dismissed. In the alternative, Defendant moves for a bill of particulars, to clarify the date of deportation. Judge Gossett recommends that the Motion to Dismiss be denied because no authority supports the Defendant's position. Further, Judge Gossett recommends that the Motion for a Bill of Particulars be denied because the Indictment and discovery material provided the Defendant sufficient information to enable him to prepare his defense.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendants have objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendation. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## DISCUSSION

**I.    Motion to Dismiss**

Defendant first argues that Magistrate judge Gossett erred in denying the Defendant's motion simply because it was not supported by case law. To be clear, the Court does not understand Judge Gossett to be suggesting that the Motion to Dismiss

be denied simply because there is no case law. Rather, Judge Gossett recommended the Motion be denied because the law does not support the Defendant's position. For the reasons discussed below, the Court agrees that dismissal is improper.

Defendant argues that Count I of the Indictment must be dismissed because it fails to identify the date when Defendant allegedly violated the law. Defendant states, "The Defendant was allegedly deported sometime in the past, that past date gave rise to the alleged violation of law, not the date the Indictment was filed." (Filing No. 28 at 1.) Defendant argues that the omission of this date from the Indictment is crucial because prior to 1996, a "self deport" did not exist under 8 U.S.C. § 1326(a). Defendant apparently argues that if he self-deported before 1996, then the amendments to § 1326(a) cannot apply to him without violating the Constitution's prohibition on ex post facto laws.

Section 1326(a) prohibits reentry into the United States by an alien who "has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding," who "enters, attempts to enter, or is at any time found in, the United States." The Indictment contains allegations consistent with the prohibitions stated in § 1326(a). There is no support for Defendant's argument that failure to provide the date of deportation is fatal to the allegations in the Indictment, nor is there any requirement that the date of deportation be stated in the Indictment. Accordingly, Defendant's Motion to Dismiss will be denied.

II.     **Motion for Bill of Particulars**

Even if the Indictment is not dismissed, Defendant argues he is entitled to a bill of particulars because the Indictment fails to state when he was deported. "An indictment

...

is sufficient if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Huggans*, 650 F.3d 1210, 1217 (8th Cir. 2011). If a defendant believes an indictment is insufficient, Federal Rule of Criminal Procedure 7(f) permits a defendant to move for a bill of particulars. *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (citing Fed. R. Crim. P. 7(f)).

In this case, the Indictment sufficiently informs the Defendant of the charges against him. To establish a violation of 8 U.S.C. § 1326(a), the Government must prove: (1) the defendant is an alien; (2) the defendant was previously denied admission, excluded, removed, or deported from the United States or departed the United States while an order of exclusion, deportation, or removal was outstanding; (3) the defendant knowingly entered or was found in the United States; and (4) the defendant lacked consent. *United States v. Fajardo-Fajardo*, 594 F.3d 1005, 1008 (8th Cir. 2010) The Indictment lists the elements of § 1326(a) and specifically states that on or about October 8, 2013, Defendant was found within the United States without permission. Further, the discovery documents provided to Defendant state that he voluntarily left the United States in 2001, while under a deportation order. The Court concludes that the Indictment is sufficient and the request for a bill of particulars will be denied.

## CONCLUSION

For the reasons stated above, Count I of the Indictment will not be dismissed due to the fact that it fails to allege the Defendant's date of deportation, and there is no indication that the law has been applied to the Defendant ex post facto. Further, the

allegations contained in the Indictment are sufficient to allow the Defendant to prepare a defense, and a bill of particulars is unnecessary.  Accordingly,

IT IS ORDERED:

1. The Findings and Recommendation (Filing No. 27) issued by Magistrate Judge F.A. Gossett recommending that the Motion to Dismiss Criminal Case (Filing No. 20) filed by Defendant, Santiago Velasquez-Lopez, are adopted in their entirety;

2. The Motion to Dismiss Criminal Case, or in the alternative, Motion for a Bill of Particulars (Filing No. 20), is denied; and

3. The Objection to the Findings and Recommendation (Filing No. 28) filed by Defendant, Santiago Velasquez-Lopez, is overruled.

Dated this 2nd day of January, 2014.

BY THE COURT:

s/Laurie Smith Camp  
Chief United States District Judge